IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| LARANZO EUGENE HOLLAND, | : |
| | : |
|       Plaintiff, | : |
| VS. | : |
| | :   CASE NO.: 5:16-CV-88-MTT-CHW |
| Officer MOORE, *et al.*, | : |
| | : |
|       Defendants. | : |
| _____ | : |

### ORDER AND RECOMMENDATION

Plaintiff Laranzo Eugene Holland, a prisoner who is incarcerated at the Baldwin State Prison in Hardwick, Georgia, filed a *pro se* complaint seeking relief under 42 U.S.C. § 1983. Plaintiff also seeks leave to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(a)(1). The undersigned has reviewed Plaintiff's submissions and finds the following:

    **I.**    **Motion to Proceed** *in forma pauperis*

The Court has reviewed Plaintiff's motion for leave to proceed without the prepayment of the filing fee. Based on these submissions, the Court finds that Plaintiff is presently unable to pre-pay any portion of the filing fee. The Court thus **GRANTS** Plaintiff's motion to proceed *in forma pauperis* (ECF No. 2) and waives the initial partial payment required by 28 U.S.C. § 1915(b)(1).

Plaintiff is nevertheless obligated to pay the full filing fee, using the installment payment plan described in 28 U.S.C. § 1915(b). The prison account custodian shall cause to be remitted to the Clerk of this Court monthly payments of 20% of the preceding

month's income credited to Plaintiff's account to the extent the account balance exceeds $10) until the $350.00 filing fee has been paid in full. The Clerk of Court is directed to send a copy of this Order to the business manager at Plaintiff's place of incarceration.

**II.    Preliminary Screening**

A.   Standard of Review

Because Plaintiff is a prisoner "seek[ing] redress from a governmental entity or [an] officer or employee of a governmental entity," the Court is required to conduct a preliminary screening of his complaint. *See* 28 U.S.C. § 1915A(a). When conducting preliminary screening under 28 U.S.C. § 1915A, the Court must accept all factual allegations in the complaint as true. *Boxer X v. Harris*, 437 F.3d 1107, 1110 (11th Cir. 2006). *Pro se* pleadings, like the one in this case, are "held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Id.* (internal quotation marks omitted). Still, the Court must dismiss a prisoner complaint if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A(b).

A claim is frivolous if it "lacks an arguable basis either in law or in fact." *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008) (internal quotation marks omitted). The Court may dismiss claims that are based on "indisputably meritless legal" theories and "claims whose factual contentions are clearly baseless." *Id.* (internal quotation marks omitted). A complaint fails to state a claim if it does not include "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft*

*v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The factual allegations in a complaint "must be enough to raise a right to relief above the speculative level" and cannot "merely create[] a suspicion [of] a legally cognizable right of action." *Twombly*, 550 U.S. at 555 (first alteration in original). In other words, the complaint must allege enough facts "to raise a reasonable expectation that discovery will reveal evidence" supporting a claim. *Id.* at 556. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

To state a claim for relief under §1983, a plaintiff must allege that (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting under color of state law. *Hale v. Tallapoosa County*, 50 F.3d 1579, 1582 (11th Cir. 1995). If a litigant cannot satisfy these requirements or fails to provide factual allegations in support of his claim or claims, the complaint is subject to dismissal. *See Chappell v. Rich*, 340 F.3d 1279, 1282-84 (11th Cir. 2003).

B. Factual Allegations

Plaintiff's claims stem from his incarceration at Baldwin State Prison ("BSP"). According to the Complaint, sometime around the end of 2014, Plaintiff was accused of "personal dealing" with a corrections officer at BSP, and he was punished by being placed on lockdown. (Compl. 5, ECF No. 1.) Once Plaintiff was released from lockdown, he alleges that corrections officers Defendants Moore, Jenkins, and Dennis began telling inmates in Plaintiff's new dormitory that Plaintiff was a "snitch" and

3

encouraged those inmates to "jump on [Plaintiff] and put [him] out the dorm." *Id.* Plaintiff contends he was thereafter assaulted by his fellow inmates and received medical treatment, including x-rays, as a result of the beating. *Id.* Plaintiff further contends that Defendants Anderson and Andrews continue to "slander" him by telling other inmates that Plaintiff is a snitch. *Id.*; *see also id.* at 6, 7. Plaintiff seeks compensatory damages and also states he wishes to be "compensated with freedom." *Id.* at 7. Plaintiff also requests that all Defendants who are still employed at BSP be ordered to announce to inmates that Plaintiff is not a snitch. *Id.*

### C. Plaintiff's Claims

#### i. *Claims against the Corrections Officer Defendants*

Plaintiff has alleged that Defendants Moore, Andrews, Jenkins, Anderson, and Dennis have repeatedly "slandered" Plaintiff by informing his cellmates that he was a snitch. (*See, e.g.*, Compl. at 5.) A 42 U.S.C. § 1983 action cannot generally be predicated upon a theory of slander, defamation, or libel. *See Paul v. Davis,* 424 U.S. 693, 694 (1976); *see also Von Stein v. Brescher,* 904 F.2d 572, 582 (11th Cir.1990). However, Plaintiff's claims can also be construed as asserting that Defendants have violated his constitutional right to be protected from violence while in custody. *Harmon v. Berry*, 728 F.2d 1407, 1409 (11th Cir. 1984) (per curiam). Plaintiff's claims that Defendants Moore, Andrews, Jenkins, Anderson, and Dennis labeled him as a "snitch," that some of those Defendants encouraged inmates to attack Plaintiff, and that Plaintiff was attacked and injured are sufficient to survive the Court's preliminary screening. *See id.* (holding that prisoner's claims alleging that "prison officials have labeled him a snitch

4

and are exposing him to inmate retaliation" were "sufficient to carry this cause of action through the service of process stage"). Those claims will therefore proceed for further factual development.[1]

### ii. *Claims against the "State of Georgia Board of Corrections"*

Plaintiff has not made any specific factual allegations against the "State of Georgia Board of Corrections," and thus the basis for Plaintiff's claims against this entity is unclear. His claims would be subject to dismissal on that ground alone. *See Douglas v. Yates*, 535 F.3d 1316, 1321-22 (11th Cir. 2008) (dismissal of defendants appropriate where plaintiff failed to allege facts associating defendants with a particular constitutional violation). Further, the Georgia Department of Corrections—which appears to the be the correct name of entity that Plaintiff wishes to name as a Defendant—is a state entity entitled to Eleventh Amendment immunity. *See Stevens v. Gay*, 864 F.2d 113, 115 (11th Cir. 1989) ("The Eleventh Amendment bars [the plaintiff's § 1983] action against the Georgia Department of Corrections[.]"); *see also Will v. Mich. Dep't of State Police*, 491 U.S. 58, 70 (1989) (states and governmental entities that are considered "arms of the state" are not considered "persons" capable of being sued under § 1983). Accordingly, it is **RECOMMENDED** that Plaintiff's § 1983 claims against the "State of Georgia Board of Corrections," be **DISMISSED without prejudice.**

---

[1] Plaintiff cannot obtain a dismissal of pending charges or speedier release through a § 1983 action. *See Preiser v. Rodriguez*, 411 U.S. 475, 487, 489 (1973). "[H]abeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release[.]" *Heck v. Humphrey*, 512 U.S. 477, 481 (1994). Thus, to the extent Plaintiff seeks his "freedom" as a remedy for the constitutional violations he alleges, such relief is not available in a Section 1983 case.

### III.    Conclusion

Based on the foregoing, the undersigned **GRANTS** Plaintiff's motion to proceed *in forma pauperis* (ECF No. 2) and concludes Plaintiff has alleged facts sufficient to raise colorable constitutional claims against Defendants Moore, Andrews, Jenkins, Anderson, and Dennis. Those claims shall proceed for further factual development. The undersigned **RECOMMENDS**, however, that Plaintiff's claims against the State of Georgia Board of Corrections be **DISMISSED without prejudice.**

### OBJECTIONS

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to these recommendations with the Honorable Marc T. Treadwell, United States District Judge, **WITHIN FOURTEEN (14) DAYS** after being served with a copy of this Recommendation. The parties may seek an extension of time in which to file written objections, provided a request for an extension is filed prior to the deadline for filing written objections. Failure to object in accordance with the provisions of § 636(b)(1) waives the right to challenge on appeal the district judge's order based on factual and legal conclusions to which no objection was timely made. *See* 11th Cir. R. 3-1.

### ORDER FOR SERVICE

Having found that Plaintiff has made colorable constitutional violation claims against Defendants Moore, Andrews, Jenkins, Anderson, and Dennis it is accordingly **ORDERED** that service be made on Defendants and that they file an Answer, or such other response as may be appropriate under Rule 12, 28 U.S.C. § 1915, and the Prison

Litigation Reform Act. Defendants are reminded of the duty to avoid unnecessary service expenses, and of the possible imposition of expenses for failure to waive service pursuant to Rule 4(d).

## DUTY TO ADVISE OF ADDRESS CHANGE

During the pendency of this action, all parties shall keep the Clerk of this Court and all opposing attorneys and/or parties advised of their current address. Failure to promptly advise the Clerk of a change of address may result in the dismissal of a party's pleadings.

## DUTY TO PROSECUTE ACTION

Plaintiff is also advised that he must diligently prosecute his Complaint or face the possibility that it will be dismissed under Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute. Defendants are similarly advised that they are expected to diligently defend all allegations made against them and to file timely dispositive motions as hereinafter directed. This matter will be set down for trial when the Court determines that discovery has been completed and that all motions have been disposed of or the time for filing dispositive motions has passed.

## FILING AND SERVICE OF MOTIONS, PLEADINGS, AND CORRESPONDENCE

It is the responsibility of each party to file original motions, pleadings, and correspondence with the Clerk of Court. A party need not serve the opposing party by mail if the opposing party is represented by counsel. In such cases, any motions, pleadings, or correspondence shall be served electronically at the time of filing with the

Court. If any party is not represented by counsel, however, it is the responsibility of each opposing party to serve copies of all motions, pleadings, and correspondence upon the unrepresented party and to attach to said original motions, pleadings, and correspondence filed with the Clerk of Court a certificate of service indicating who has been served and where (i.e., at what address), when service was made, and how service was accomplished.

## DISCOVERY

Plaintiff shall not commence discovery until an answer or dispositive motion has been filed on behalf of the Defendants from whom discovery is sought by the Plaintiff. The Defendants shall not commence discovery until such time as an answer or dispositive motion has been filed. Once an answer or dispositive motion has been filed, the parties are authorized to seek discovery from one another as provided in the Federal Rules of Civil Procedure. The deposition of the Plaintiff, a state/county prisoner, may be taken at any time during the time period hereinafter set out provided prior arrangements are made with his custodian. **Plaintiff is hereby advised that failure to submit to a deposition may result in the dismissal of his lawsuit under Rule 37 of the Federal Rules of Civil Procedure.**

IT IS HEREBY ORDERED that discovery (including depositions and the service of written discovery requests) shall be completed within 90 days of the date of filing of an answer or dispositive motion by the Defendants (whichever comes first) unless an extension is otherwise granted by the court upon a showing of good cause therefor or a protective order is sought by the defendant and granted by the court. This 90-day period

shall run separately as to Plaintiff and Defendant beginning on the date of filing of Defendants' answer or dispositive motion (whichever comes first). The scheduling of a trial may be advanced upon notification from the parties that no further discovery is contemplated or that discovery has been completed prior to the deadline.

Discovery materials shall not be filed with the Clerk of Court. No party shall be required to respond to any discovery not directed to him/her or served upon him/her by the opposing counsel/party. The undersigned incorporates herein those parts of the **Local Rules** imposing the following limitations on discovery: except with written permission of the court first obtained, **interrogatories** may not exceed TWENTY-FIVE (25) to each party, **requests for production of documents and things** under Rule 34 of the Federal Rules of Civil Procedure may not exceed TEN (10) requests to each party, and **requests for admissions** under Rule 36 of the Federal Rules of Civil Procedure may not exceed FIFTEEN (15) requests to each party. No party shall be required to respond to any such requests which exceed these limitations.

## REQUESTS FOR DISMISSAL AND/OR JUDGMENT

The Court shall not consider requests for dismissal of or judgment in this action, absent the filing of a motion therefor accompanied by a brief/memorandum of law citing supporting authorities. Dispositive motions should be filed at the earliest time possible, but in any event no later than one hundred - twenty (120) days from when the discovery period begins unless otherwise directed by the Court.

## DIRECTIONS TO CUSTODIAN OF PLAINTIFF

As previously ordered, the Warden of the institution wherein Plaintiff is incarcerated, or the Sheriff of any county where he is held in custody, and any successor custodians, shall each month cause to be remitted to the Clerk of this court twenty percent (20%) of the preceding month's income credited to Plaintiff's account at said institution until the $350.00 filing fee has been paid in full. In accordance with provisions of the Prison Litigation Reform Act, Plaintiff's custodian is authorized to forward payments from the prisoner's account to the Clerk of Court each month until the filing fee is paid in full, provided the amount in the account exceeds $10.00.

Collection of monthly payments from Plaintiff's trust fund account shall continue until the entire $350.00 has been collected, notwithstanding the dismissal of Plaintiff's lawsuit or the granting of judgment against him prior to the collection of the full filing fee.

## PLAINTIFF'S OBLIGATION TO PAY FILING FEE

Pursuant to provisions of the Prison Litigation Reform Act, in the event Plaintiff is hereafter released from the custody of the State of Georgia or any county thereof, he shall remain obligated to pay any balance due on the filing fee in this proceeding until said amount has been paid in full; Plaintiff shall continue to remit monthly payments as required by the Prison Litigation Reform Act. Collection from Plaintiff of any balance due on the filing fee by any means permitted by law is hereby authorized in the event Plaintiff is released from custody and fails to remit payments.  Plaintiff's Complaint is subject to dismissal if he has the ability to make monthly payments and fails to do so.

**SO ORDERED and RECOMMENDED**, this 1st day of April, 2016.

                                                s/ Charles H. Weigle
                                                Charles H. Weigle
                                                United States Magistrate Judge